## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **MICHAEL GRIFFITH** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-01101-BD** |
| | § | |
| **OFFICER FNU BROOKS** | § | |

### MEMORANDUM OPINION AND ORDER

Proceeding pro se, Michael Griffith filed a civil-rights action under 42 U.S.C. § 1983. The action was assigned to me, Dkt. 2, and Griffith consented to my conducting all proceedings, Dkt. 3.

On April 16, 2026, the court ordered Griffith, within 30 days of receipt of the order, to complete a standard § 1983 form fully and legibly and to submit it to the court and to either pay the $405.00 filing fee or submit an application to proceed in forma pauperis for non-prisoners. Dkt. 7. He failed to comply with that order and, as such, has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Griffith has failed to comply with the court's order. Therefore, the case will be dismissed for failure to prosecute.

It is **ORDERED** that the case is dismissed without prejudice.

So **ORDERED** and **SIGNED** this 21st day of May, 2026.



Bill Davis
United States Magistrate Judge